UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**SCOTT MILLER,**<br><br>  **Defendant.** | **Crim. Action No.: 22-CR-412 (TSC)** |

### MOTION TO CONTINUE CHANGE OF PLEA HEARING

Scott Miller, through counsel, respectfully submits this Motion to continue his change of plea hearing from October 24, 2023, to a date in the first week of January, 2024, so that Mr. Miller can help his wife get the couple's financial affairs in order. Pursuant to the plea agreement, Mr. Miller will agree that detention is mandatory under 18 U.S.C. § 3143(a)(2). Prior to his incarceration, he must assist his wife in preparation for his absence. In support of this Motion, counsel states:

1. Mr. Miller has been fully compliant with strict conditions of release since December 30, 2022.

2. On September 28, 2023, Mr. Miller appeared before the Court prepared to enter into a plea agreement pursuant to which he would plead guilty to Count Two of the indictment, charging a violation of 18 U.S.C. §111(b). Prior to the plea hearing, undersigned counsel emailed executed paperwork, including a statement of offense, to chambers.

3. Leading up to the change of plea hearing, undersigned counsel had not advised Mr. Miller that he would be detained upon entering his plea.

Counsel was under the mistaken impression that the government would not request detention, in part based on the government's consent to modify conditions of release, a few days before the scheduled plea. *See* ECF. No. 36 (Consent Motion to Permit Mr. Miller to Carry a "Flip Phone.").

4. On the morning of Mr. Miller's scheduled change of plea hearing, the government notified counsel that the government would be requesting Mr. Miller's immediate incarceration. At the hearing, counsel acknowledged that she had incorrectly advised Mr. Miller that he would likely remain on conditions of release following the change of plea hearing. As a result of counsel's mistaken advice, Mr. Miller was not prepared for immediate incarceration. Based on these representations and other errors the Court identified in the plea agreement, the Court continued the hearing to October 24, 2023, to give the parties time to iron out any issues.

5. Mr. Miller has steadfastly expressed his remorse and willingness to accept responsibility for his conduct on January 6th. As such, he has agreed to enter into essentially the same agreement he signed prior to the September 28 hearing. Pursuant to the agreement, he will agree that detention is mandatory under 18 U.S.C. § 3143(a)(2) because 18 U.S.C. § 111(b) is a "crime of violence."

6. Undersigned counsel respectfully submits that pursuant to *Borden v. United States*, there is a credible argument that 18 U.S.C. § 111(b) is not a "crime of violence" within the meaning of 18 U.S.C. § 3156(a)(4)(A). *See*

*Borden v. United States*, 141 S. Ct. 1817, 1822 (2021)(holding that criminal offenses that require only a *mens rea* of recklessness cannot qualify as a "crime of violence."). However, counsel acknowledges that in a post-*Borden* case, *United States v. Quaglin*, the D.C. Circuit stated "[a]ppellant is charged with violating 18 U.S.C. §111(b) – an offense which is categorically a crime of violence." *United States v. Quaglin*, 851 F. App'x 218, 219 (D.C. Cir. 2021). It does not appear that appellant Quaglin argued that 18 U.S.C. § 111(b) is not crime of violence under *Borden* and the Circuit did not address *Borden* in its opinion. Nonetheless, *Quaglin* is current D.C. Circuit precedent.[1]

7. Because counsel failed to properly advise Mr. Miller for the consequences of his plea, namely, that he would be immediately remanded, Mr. Miller was unprepared to enter his change of plea. Mr. Miller will plead guilty; however, there are matters to which he must attend before he submits to his sentence. For example, he needs to sell his truck, collect a few more paychecks, and close out his bank account—all with the goal of ensuring that his wife can pay the rent on their modest home while he is incarcerated.

---

[1] In other cases involving guilty pleas to 18 U.S.C. § 111(b), the government has not taken the position that detention is mandatory under 18 U.S.C. § 3143(a)(2). *See, e.g, United States v. Barnhart*, 21-CR-35, ECF. No. 234 at ¶ 9 (agreeing that following a guilty to plea to 18 U.S.C. §111(b), the defendant would remain on conditions of release). Defendant Barnhart also pleaded guilty after the *Quaglin* opinion was issued.

8. Mr. Miller has been perfectly compliant with conditions of release for almost one year. He expressed his willingness to plead guilty from the outset and will be resolving this case much more expeditiously than many other January 6 defendants. Moreover, this delay cannot be attributed to Mr. Miller in any way. Counsel mistakenly gave Mr. Miller and his wife the false expectation that he would start his expected sentence of imprisonment after his Sentencing Hearing.

9. For all of these reasons, counsel moves the Court to continue the change of plea hearing to January 3, 4, or 5, 2024. Counsel will submit the executed plea agreement to chambers by October 24, 2023. The government opposes this request.

Wherefore, for the reasons stated herein and any others that appear to the Court, Mr. Miller moves the Court to continue his change of plea hearing to the first week of January, 2024.

                            Respectfully submitted,

                            A. J. KRAMER
                            FEDERAL PUBLIC DEFENDER

                              /s/
                            _____

                            ELIZABETH MULLIN
                            Assistant Federal Public Defender
                            625 Indiana Avenue, N.W., Suite 550
                            Washington, D.C.  20004
                            (202) 208-7500